UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN RIGGS, | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     vs. | ) | Case No. 1:13-CV-9291 |
| | ) | |
| DEPUTY SHERIFF JON SONNEY, | ) | |
| #7718, Individually & COOK COUNTY, | ) | |
| | ) | Magistrate Judge M. David Weisman |
| | ) | |
|     *Defendants*. | ) | |

**MEMORANDUM OPINION AND ORDER**

The issues before the Court arise from Plaintiff's emergency motion asking this Court to dismiss his claims without prejudice. (Pl.'s Mot at 1, ECF No. 100.) The claims in this action stem from a 2013 altercation at the Cook County Jail between Officer Sonney ("Defendant") and Steven Riggs ("Plaintiff"), a former inmate at the jail. Defendant now asks this Court to reconsider its decision granting Plaintiff's emergency motion. For the reasons explained below, the Court denies Defendant's motion.

**I. Background**

After the 2013 incident, Plaintiff, *pro se* at the time, filed a complaint against Defendant for, among other things, excessive force under 42 U.S.C. § 1983. Because Plaintiff was incarcerated at the time he filed his complaint, his claims were governed by the Prison Litigation Reform Act ("PLRA").

1

Shortly after Plaintiff filed his complaint, he was charged criminally with aggravated battery from the altercation that gave rise to this action. (Def. Mot. Recons. at 2, ECF No. 103.) This action was stayed from March 2015 to May 2016 during the pendency of Plaintiff's criminal case. The stay was lifted after Plaintiff was found not guilty and released from custody. (*Id*.) In September of that year, four months after the stay was lifted, this case was dismissed for want of prosecution after Plaintiff failed to appear, but was reinstated a month later. (*See* ECF Nos. 66 & 81.) In March of this year, Plaintiff retained counsel and amended his complaint to include a malicious prosecution claim.

On the morning the statute of limitations for the malicious prosecution claim was set to run, Plaintiff asked this Court to dismiss his complaint without prejudice so he could refile his claims to circumvent the constraints of PLRA. In short, Plaintiff argued that if his motion is denied he would be prejudiced in this action because the PLRA limits damage recovery and attorney's fees for his claims. Defendant, on the other hand, argued that Plaintiff is improperly attempting to avoid the constraints of the PLRA.

This Court granted Plaintiff's emergency motion and noted that Defendant could file a motion to reconsider. From the Court's vantage point, this essentially created a period of status quo. Plaintiff could file a new action (effectively amending the complaint) and Defendant could brief the legal merits of his position opposing the voluntary dismissal. This court

2

could then resolve the issues after more fully considering the parties' arguments and the implications of Plaintiff's motion.

**II. Legal Standard**

Pursuant to Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). It is within the district court's discretion whether to grant a motion for voluntary dismissal. *Wojtas v. Capital Guardian Trust Co.*, 477 F.3d 924, 927 (7th Cir. 2007). The district court's decision will only be reversed upon a showing of abuse of discretion. *Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980) (citing *Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971)). "[I]t is an abuse of discretion for the district court to permit the voluntary dismissal of an action where the defendant would suffer 'plain legal prejudice' as a result." (*Id.*) (quoting *United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir. 1986)). While there is no bright line rule as to what amounts to plain legal prejudice a "showing of injury in fact, such as the prospect of a second lawsuit or the creation of a tactical advantage" will not be sufficient to justify the plaintiff's motion to dismiss. *Quad/Graphics, Inc. v. Fass*, 724 F.2d 1230, 1234 (7th Cir. 1983).

The Seventh Circuit has set forth factors a court should consider when ruling on a motion to voluntary dismiss. The factors include:

3

> [The] defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant.

*Pace v. S. Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969) (citing 5 Moore's Federal Practice, § 41.05 [1] (2d ed. 1968)).

While the *Pace* factors serve as a helpful framework in assessing the parties' arguments, the ultimate decision is within the court's discretion. *See Tyco,* 627 F.2d at 56 ("The enumeration of the factors to be considered in *Pace* is not equivalent to a mandate that each and every such factor be resolved in favor of the moving party before dismissal is appropriate. It is rather simply a guide for the trial judge, in whom the discretion ultimately rests.").

"Legal prejudice may arise where dismissal would strip a defendant of a defense in potential litigation in an alternative forum." *Futch v. AIG, Inc.*, 2007 U.S. Dist. LEXIS 43553, No. 07-402-GPM, at *18 (S.D. Ill. June 15, 2007.) *Compare Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988) ("DEC must establish concrete prejudice beyond the mere self-inflicted deprivation of a federal forum. The prospect of facing a subsequent lawsuit in a state rather than a federal court does not constitute prejudice when, as here, the defendant-appellant fails to take advantage of the opportunity to remove the case to federal court."). The Seventh Circuit has expressly held that plain legal prejudice occurs when the dismissal will result in the loss of a valid statute of limitations defense by the nonmoving party. *Wojtas*, 477 F.3d

at 928. In *Wojtas*, the plaintiff sought to dismiss the case under Rule 41(a)(2) in order to refile it in a jurisdiction with a longer statute of limitations period. *Id.* at 925-26. The district court denied plaintiff's motion finding that the dismissal was improper on the grounds it would amount to "plain legal prejudice." *Id.* at 927. The Seventh Circuit agreed, holding that the state law statute of limitations "conferred on [defendant] a vested right . . . that would have been rendered useless if voluntary dismissal without prejudice was granted." *Id.* The *Wojitas* court determined that "'[the] expiration of the limitations period extinguishes the cause of action of the potential plaintiff and it also creates a right enjoyed by the would-be defendant to insist on that statutory bar.'" *Id.* (quoting *Colby v. Columbia County*, 202 Wis.2d 342, 350 (1996)). Thus, it is improper to grant a voluntary motion to dismiss where the result is defendant's loss of a valid statute of limitations defense.

**III. Discussion**

As stated above, Plaintiff asked this Court to dismiss his lawsuit so he can refile it to avoid the constraints of the PLRA. The statute attaches when a prisoner files an action in federal court. The statute defines a prisoner as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law . . . ." 42 U.S.C. §1997e(h). The PLRA was enacted to discourage frivolous lawsuits by prisoners and accordingly limits recovery in several ways. Among the limitations, is the requirement that the plaintiff prove he

5

suffered a physical injury to recover for mental anguish. *See* 42 U.S.C. §1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act.") Additionally, the PLRA limits attorney's fees to 150% of the recovery. *See* 42 U.S.C. § 1997e(d). It would be thus advantageous for Plaintiff and Plaintiff's attorney to file without the restrictions of the PLRA.

Here, the prospect of a new law suit does not constitute plain legal prejudice under *Pace* or *Wojtas*. We begin our analysis with the *Pace* factors. Under the first factor, there has been relatively little preparation for trial. Readily apparent from the docket is that since Plaintiff filed his complaint in 2013, periods of dormancy outweigh this case's activity. Over the pendency of this matter, Defendant has filed an answer, less than a handful of status reports, a motion to stay, and briefs related to the instant motion. According to Plaintiff, the parties have not yet propounded discovery requests and no depositions have been taken. (Pl. Br., ECF No. 109 at 7.) Because this case is in the early stages of litigation this factor weighs in Plaintiff's favor.

Second, we find that any delay in this case does not amount to sufficient legal prejudice to deny Plaintiff's motion. As previously stated, this case was stayed for more than a year during the criminal proceeding that gave rise to the allegations herein. Defendant's attempt to place the blame

6

for this slow-moving litigation completely on the Plaintiff is unfair. In fact, the motion to stay, notably, was filed by Defendant, not Plaintiff. (Def. Mot. Stay, ECF No. 33.) Either way, such a routine motion under the circumstances cannot be held against Plaintiff. Likewise, Plaintiff's failure to appear one time is an insufficient basis to deny his motion. The Court notes that until approximately four months ago, Plaintiff was proceeding *pro se*. Status as a *pro se* litigant would not obviate the necessity to litigate the case in a diligent manner, however it is a consideration in the Court's analysis. *See, e.g., Cintron v. St.-Gobain Abbrassives*, 2004 U.S. Dist. LEXIS 26872, No. 03-1297-SEB-JPG, at *2 (S.D. Ind. Nov. 18, 2004) ("As a pro se litigant, Plaintiff is permitted a more lenient standard with respect to her pleadings than that imposed on a practicing attorney.") (*citing Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

Moving to the next factor under *Pace*, Plaintiff has provided a sufficient explanation for the need for dismissal: now that he is no longer incarcerated he would like to file a claim, like all other non-incarcerated individuals, without the constraints of the PLRA. The Seventh Circuit has been explicit that the PLRA applies to prisoners as determined on the date the claim is filed. *Kerr v. Puckett*, 138 F.3d 321 (7th Cir. 1997) ("[T]he statute says that its object is a 'prisoner *confined* in a jail, prison, or other correctional facility.' The statutory language does not leave wriggle room.") (*citing* 42 U.S.C. §1997e(h)) (emphasis in original). The Seventh Circuit

7

explained that this distinction makes sense in light of the legislative intent of the PLRA: "Congress deemed prisoners to be pestiferous litigants because they have so much free time on their hands and there are few costs to filing suit. Opportunity costs of litigation rise following release, diminishing the need for special precautions against weak suits." *Kerr*, 138 F.3d at 323. Now that Plaintiff is no longer incarcerated, he clearly falls outside the statute's express definition of a prisoner and the category of litigants Congress has deemed problematic under the PLRA.

Finally, under the final factor, summary judgment has not been filed.

Not only does Plaintiff's motion pass muster under *Pace*, but we find that Defendant failed to assert a right that would constitute legal prejudice as envisioned by the *Wojitas* court. In *Wojtas*, the Court found plaintiff's attempt to circumvent a statute of limitations improper because the "limitations period extinguishes the cause of action of the potential plaintiff and it also creates a right enjoyed by the would-be defendant to insist on that statutory bar." *Wojtas*, 477 F.3d at 928. On consideration of the significant legal prejudice that defendants faced in *Wojtas* – the possibility of having to re-litigate a suit that would otherwise be barred — the Court finds that here, Defendant has not articulated a comparable legal prejudice that would justify denying Plaintiff's motion. The Court acknowledges that Defendant's case might have been stronger and damage recovery would have been less had it continued under the PLRA, but it is well settled that a "showing of injury in

8

fact, such as the prospect of a second lawsuit or the creation of a tactical advantage, is insufficient to justify denying the plaintiff's motion to dismiss." *Quad/Graphics, Inc.*, 724 F.2d at 1234.

While we were unable to find a case factually analogous in the Seventh Circuit, the Southern District of New York has recently addressed the question presented before this Court. In *Paulino v. Taylor*, the plaintiff moved to dismiss her 42 U.S.C § 1983 claims against certain corrections officers without prejudice "in the aim of refilling th[e] action without being subject to the PLRA." 2017 WL 1080081, No. 15 Civ. 5869, at *1 (S.D.N.Y Mar. 15, 2017). Similar to the Plaintiff before this Court, the plaintiff in *Paulino* was *pro se* and incarcerated when she filed her complaint but was subsequently released. *Id.* And similar to the Defendants before this Court, the defendants in *Paulino* argued that "if the PLRA no longer applie[d], they [would] lose a potential statutory affirmative defense and Plaintiff's potential recovery for attorney's fees [would] no longer [be] statutorily limited." *Id.* at 3. The *Paulino* court found that Defendant's loss of these advantages did not amount to legal prejudice sufficient to bar the plaintiff's motion. *Id.* at 2. In considering whether to grant or deny the motion the *Paulino* court considered several relevant factors to the Court today.[1]

---

[1] The Second Circuit uses its own multifactor test when considering whether to grant a motion to voluntary dismiss a case. The Second Circuit has held:
> Factors relevant to the consideration of a motion to dismiss without prejudice include the plaintiff's diligence in bringing the motion; any "undue vexatiousness" on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense

9

First, the *Paulino* court noted that the plaintiff had acted with diligence in light of motions for extensions of time and a motion to stay filed by Defendants. *Id*. The court also considered the fact that the plaintiff had been proceeding as a *pro se* litigant for the majority of the case and timely filed a motion for voluntary dismissal shortly after she retained counsel. *Id*. The court also opined on whether the motion for voluntary dismissal was brought for an improper purpose, a factor not present under the *Pace* analysis. *Id*. ("The second *Zagano* factor, whether the plaintiff was unduly vexatious in pursuing the motion, weighs heavily in Plaintiff's favor. Vexatiousness refers to instances in which the case was brought to harass the defendant.") (internal quotations omitted). The court explained that the fact that there was no ill-motive present in plaintiff's motion to dismiss and that the plaintiff was not unduly vexatious in bringing her motion weighed in her favor. *Id*. at 3. Finally, the court reasoned that because the case was in the early stages of discovery and plaintiff provided an adequate explanation for dismissing her case, namely that she sought to avoid the statutory limitations of the PLRA, dismissal weighed in plaintiff's favor. The *Paulino* court thus concluded the dismissal was in the interests of justice. *Id*.

While not binding on this Court, the *Paulino* court's analysis supports our conclusion that Defendant will not suffer plain legal prejudice.

---

in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss.
*Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990).

Moreover, the Court finds that Plaintiff has neither brought this suit for an improper purpose nor has he been unduly vexatious in pursuing the motion.

## **Conclusion**

For the foregoing reasons, the Court denies Defendants' motion for reconsideration [103].

**SO ORDERED.**                                  **ENTERED: July 10, 2017**

_____
   M. David Weisman
   United States Magistrate Judge